Curtis R. Hussey, Esq.  (USB #5488)
Hussey Law Firm, LLC
82 Plantation Pointe Drive, #288
Fairhope, AL  36532
Telephone:  (801) 358-9231
E-mail: chussey@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Willie Stevenson

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| Willie Stevenson,<br><br>        Plaintiff,<br><br>    vs.<br><br>Credit Corp Solutions Inc.; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.:   2:19-cv-00806-CW<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Willie Stevenson, by undersigned counsel, states as follows:

**<u>JURISDICTION</u>**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's

personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. The Plaintiff, Willie Stevenson (hereafter "Plaintiff"), is an adult individual residing at 128 Willow Bay Drive, Orangeburg, South Carolina 29118, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. The Defendant, Credit Corp Solutions Inc. (hereafter "CCS"), is an Utah company with an address of 180 West Election Road, Suite 200, Draper, Utah 84020, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by CCS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. CCS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

7. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The alleged Debt was purchased, assigned or transferred to CCS for collection, or CCS was employed by the Creditor to collect the alleged Debt.

10. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CCS Engages in Harassment and Abusive Tactics

11. In or around January 2019, CCS called Plaintiff's workplace in an attempt to collect the Debt.

12. Plaintiff informed CCS that Plaintiff could not take calls at work. Plaintiff provided CCS with his cell number and requested that CCS cease calling his workplace.

13. Nevertheless, CCS continued to call Plaintiff's workplace in an attempt to collect the Debt causing a great deal of frustration and distress.

### C. Plaintiff Suffered Actual Damages

14. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

15. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

18. The Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

19. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

20. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

21. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

22. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D.  Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

E.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 23, 2019               Hussey Law Firm, LLC


By:   /s/   *Curtis R. Hussey*
Curtis R. Hussey
Attorney for Plaintiff
Willie Stevenson